US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAY 26 2017

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TABITHA MAYBERRY,
an individual

   Plaintiff,

vs.

CASE NO: 17-5093 TLB

THE WALTON ARTS CENTER COUNCIL, INC
  Defendant.
_____/

## COMPLAINT

Plaintiff, Tabitha Mayberry ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues THE WALTON ARTS CENTER COUNCIL, INC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Western District of Arkansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Arkansas.

3. Plaintiff, Tabitha Mayberry (hereinafter referred to as "Jensen") is a resident of the State of Arkansas and is a qualified individual with a disability under the ADA. Mayberry has what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she sustained

a spinal cord injury and requires a wheelchair for mobility. Prior to instituting the instant action, Mayberry visited the Defendant's premises at issue in this matter on multiple occasions, and was denied full, safe and equal access to the subject property due to its lack of compliance with the ADA and the architectural barriers to access listed in Paragraph 19 of this Complaint, which Plaintiff personally encountered. Mayberry continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, THE WALTON ARTS CENTER COUNCIL, INC, is a domestic corporation and is conducting business in the State of Arkansas. Upon information and belief, THE WALTON ARTS CENTER COUNCIL, INC (hereinafter referred to as "TWACC") is the owner, lessee and/or operator of the real property and improvements which are the subject of this action, specifically the Walmart Arkansas Music Pavilion, commonly known as the "Walmart AMP," located at 5079 West Northgate Road, Rogers, Arkansas (hereinafter referred to as the "AMP").

5. All events giving rise to this lawsuit occurred in the Western District of Arkansas.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12101(7) and 28 C.F.R. §36.104, the AMP owned and/or operated by TWACC is a place of public accommodation in that it is an theater, or other place of exhibition or entertainment, that is owned and operated by a private entity.

8. Defendant has discriminated, and continues to discriminate against the Plaintiff, and

others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the AMP in derogation of 42 U.S.C §12181 *et seq*.

9. The AMP was newly constructed and/or last altered after March 15, 2012 and is therefore subject to the new construction standards of the 2010 Standards for Accessible Design by virtue of 28 CFR 36.406 (a) and the appendix thereto.

10. Defendant failed to design and construct the AMP to provide required lines of sight to wheelchair users seated in designated accessible seating positions in the covered seating area of the AMP.

11. Defendant failed to design and construct and/or operate the AMP as necessary to ensure that companion seating was available for use adjacent to the accessible seating positions provided in the designated accessible seating concrete platforms located in the area directly in front of the lawn seating positions.

12. Defendant failed to design and construct the AMP to provide spectators who rely on wheelchairs for mobility with choices of seating locations and viewing angles that are substantially equivalent to, or better than, those available to other spectators in compliance with 221.2.3 of the 2010 Standards for Accessible Design.

13. Defendant failed to design and construct the AMP to provide both horizontal and vertical dispersion of accessible seating positions as mandated by 221.3.1 and 223.3.2 of the 2010 Standards for Accessible Design.

14. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the AMP owned and/or operated by TWACC. Prior to the filing of this lawsuit, Plaintiff visited the AMP at issue in this lawsuit on multiple occasions and was denied

access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact.

15. Specifically, Plaintiff, when seated in designated accessible seats in the covered seating area of the AMP, was not provided unobstructed sight lines over standing spectators' heads and/or shoulders in compliance with new construction ADA Standards, specifically 802.2.1 and 802.2.2 of the 2010 Standards for Accessible Design.

16. Furthermore, when seated in the designated accessible seating positions directly in front of the lawn section, no companion seats were provided as required by 802.3 of the 2010 Standards for Accessible Design

17. Plaintiff continues to desire and intends to visit the AMP, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the AMP in violation of the ADA. Plaintiff has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

18. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA which are codified at 28 C.F.R. Part 36 Subpart D, as amended.

19. TWACC is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.406 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

(i) There are an insufficient number of accessible seating positions provided directly in front of the uncovered, "Lawn Seating" area;

(ii) The uncovered accessible seating positions for "Lawn Seating" are located on the far-right side of the venue and are not dispersed horizontally throughout the center and left side;

 (iii) There are an insufficient number of accessible seating positions in the covered, fixed seating sections B, C, and D;

 (iv) There are no accessible seating positions in the "Box Seating" locations in Section A;

 (v) There is no aisle accessible seating;

 (vi) The covered accessible seating locations are not dispersed horizontally or vertically throughout the venue;

 (vii) The accessible seating locations are not clearly marked;

 (viii) All existing accessible seating locations, with the exception of those located in the uncovered, "Lawn Seating" area, do not allow for lines of site over the heads or shoulders of standing spectators standing in the first rows in front of the accessible seating locations;

 (ix) Accessible seating locations are not shown on the online ticket purchase charts;

 (x) Accessible routes throughout the venue are not clearly marked.

20. There may be other current barriers to access and violations of the ADA at the AMP owned and operated by TWACC which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

21. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the new construction requirements of the ADA.

22. Pursuant to the ADA, 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.406, Defendant was required to construct the AMP in compliance with the 2010 Standards for Accessible Design. To date, Defendant has failed to comply with this mandate.

23. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

24. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against TWACC and requests the following injunctive and declaratory relief:

    A. That the Court declares that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court awards such other and further relief as it deems necessary, just and proper.

Dated this 22nd day of May 2017.

Respectfully submitted,

By: _____
Edward I. Zwilling, Esq.
Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:   (205) 822-2701
Facsimile:    (205) 822-2702
Email: ezwilling@szalaw.com